**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com

**BARBAT, MANSOUR, SUCIU & TOMINA PLLC**
Nick Suciu (*Pro Hac Vice Forthcoming*)
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
E-Mail: nicksuciu@bmslawyers.com

*Attorneys for Plaintiffs*


# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY BORGIA and JULIET OSMER, individually and on behalf of all others similarly situated,<br><br>                                        Plaintiffs,<br><br>        v.<br><br>GOLI NUTRITION INC., A Delaware Corporation,<br><br>                                        Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

CLASS ACTION COMPLAINT

Plaintiffs Jeremy Borgia and Juliet Osmer bring this action on behalf of themselves and all others similarly situated against Goli Nutrition Inc. ("Defendant" or "Goli"), a Delaware corporation, regarding their Goli Apple Cider Vinegar Gummies (the "Product").  Plaintiffs make the following allegations based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## **INTRODUCTION**

1.      Goli is a Delaware company, with its principal place of business in Hollywood, California, that hypes its apple cider vinegar gummy products as an alternative to traditional Apple Cider Vinegar ("ACV").  Goli manufactures, distributes, and sells the Products.  Defendant Goli sells the Product by deceiving the public about the Products' ingredients, potency, and the benefits of consumption.

2.      Defendant claims on their website http://goli.com that ACV has many purported benefits such as:

   a.   Supports Healthy Digestion;

   b.   Helps Manage Weight;

   c.   Helps Your Body Detoxify;

   d.   Boosts Immunity;

   e.   Enhances Energy; and

   f.   A Healthy Heart.

3.      Defendant further claims, on the Product's label and Defendant's website, that two Goli ACV Gummies are equal to one shot of ACV.

4.      Defendant misled Plaintiffs and Class Members into believing that two Gummy Products provide all of the benefits associated with one shot of ACV.

5.      These claims are blatantly false and misleading.

6.      Plaintiffs and members of the classes purchased the Product for their ingredients, potency, and effects, and paid a premium for Defendant's Product over comparable products that were not promoted with the misrepresentations at issue here.

7.     Defendant's representations concerning the Product are unfair, unlawful, and fraudulent, and have the tendency or capacity to deceive or confuse reasonable consumers.  As such, Defendant's practices violate California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* ("CLRA"), California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL"), California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.* ("FAL"), and Florida's Deceptive And Unfair Trade Practices Act, § 501.201, *et seq*. ("FDUPTA").  Plaintiffs also bring claims for breach of express warranty.

**JURISDICTION AND VENUE**

8.     This Court has personal jurisdiction over Defendant.  Defendant purposefully avails itself of the California consumer market and distributes the Product to hundreds of locations within this County and thousands of retail locations throughout California, where the Product is purchased by thousands of consumers every day.

9.     This Court has original subject-matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), which, under the provisions of the Class Action Fairness Act ("CAFA"), explicitly provides for the original jurisdiction of the federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Plaintiffs allege that the total claims of individual members of the proposed Classes (as defined herein) are well in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs.

10.     Venue is proper in this District under 28 U.S.C. § 1391(a).  Several plaintiffs live in or made purchases of the Product in this District, substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District and the Defendant conducts business in this District.

**PARTIES**

11.     Plaintiff Jeremy Borgia is a citizen of California who resides in Tracy, California.  On October 18, 2019 and in November 2019, Plaintiff Borgia purchased bottles of Defendant's

Products from Defendant's website.  Before purchasing his Products, Plaintiff Borgia reviewed information about the Products, including the statement that "2 gummies is equal to 1 shot of Apple Cider Vinegar."  When purchasing his Products, Plaintiff Borgia also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Defendant that two of the Products  is equal to 1 shot of Apple Cider Vinegar, as advertised. Plaintiff Borgia relied on these representations and warranties in deciding to purchase Defendant's Products over comparable products.  Accordingly, these representations and warranties were part of the basis of the bargain, in that he would not have purchased the Products on the same terms had he known these representations were not true.  Plaintiff Borgia remains interested in purchasing Apple Cider Vinegar products and would consider Defendant's Products in the future if Defendant's Product actually were equal to 1 shot of Apple Cider Vinegar.  In making his purchases, Plaintiff Borgia paid a substantial price premium due to the false and misleading ACV claims. However, Plaintiff Borgia did not receive the benefit of his bargain, because Defendant's Products are not the equivalent of 1 shot of ACV.  Plaintiff Borgia also understood that in making the sale, his retailer was acting with the knowledge and approval of Defendant and/or as the agent of Defendant.  Plaintiff Borgia further understood that each purchase involved a direct transaction between himself and Defendant, because he purchased his Products directly from Defendant and the Products came with packaging and other materials prepared by Defendant, including representations and warranties regarding the ACV Claims.

12.     Plaintiff Juliet Osmer is a citizen of New York who resides in Monroe, New York.  In March 2020, while residing in Florida, Plaintiff Osmer purchased one bottle of Defendant's Products from Defendant's website.  Before purchasing her Products, Plaintiff Osmer reviewed information about the Products, including the statement that "2 gummies is equal to 1 shot of Apple Cider Vinegar."  When purchasing her Products, Plaintiff Osmer also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Defendant that two of the Products is equal to 1 shot of Apple Cider Vinegar, as advertised.  Plaintiff Osmer relied on these representations and warranties in deciding to purchase Defendant's Products over comparable products.  Accordingly, these representations and warranties

were part of the basis of the bargain, in that she would not have purchased the Products on the same terms had she known these representations were not true.  Plaintiff Osmer remains interested in purchasing Apple Cider Vinegar products and would consider Defendant's Products in the future if Defendant's Product actually were equal to 1 shot of Apple Cider Vinegar.  In making her purchases, Plaintiff Osmer paid a substantial price premium due to the false and misleading ACV claims. However, Plaintiff Osmer did not receive the benefit of her bargain, because Defendant's Products are not the equivalent of 1 shot of ACV.  Plaintiff Osmer also understood that in making the sale, her retailer was acting with the knowledge and approval of Defendant and/or as the agent of Defendant.  Plaintiff Osmer further understood that each purchase involved a direct transaction between herself and Defendant, because she purchased her Products directly from Defendant and the Products came with packaging and other materials prepared by Defendant, including representations and warranties regarding the ACV Claims.

13.     Defendant Goli Nutrition, Inc. ("Goli") is a Delaware Corporation that has its principal place of business in Hollywood, California.  Goli produces, markets, and distributes various nutritional supplement products through Goli's website and in retail stores across the United States.  Goli knew that the labeling of the Product is false and misleading to a reasonable consumer.  Goli's misleading marketing, advertising, labeling, and production information concerning the ACV claims was conceived, reviewed, approved, and otherwise controlled from Goli's California headquarters.  Goli's misleading marketing concerning the ACV content of its Gummies was coordinated at, emanated from, and was developed at its California headquarters. All critical decisions regarding the misleading ACV marketing and labeling of Defendant's Products were made in California.

### FACTS COMMON TO ALL CAUSES OF ACTION

14.     **Product at issue ("the Product"):**  Defendant manufactures, distributes, advertises, and sells the Product, which for all relevant purposes are identical.

15.     At all relevant times, Defendant has marketed the Product in a consistent and uniform manner relating to ingredients, potency, and effect.  Defendant sells the Product on its website and through various distributors.

16.     **Ingredient at issue:**  Defendant claims that two of the Product's gummies is equal to one shot of ACV.

17.     Defendant also admits on their website that the active ingredient contained within ACV is Acetic Acid by stating "Apple cider vinegar offers many benefits thanks to its high concentration of acetic acid."[1]

18.     Acetic acid is a short-chain fatty acid that dissolves into acetate and hydrogen in the body, and is the main active component of vinegar.

19.     The Product contains 500mg of ACV with 5% Acetic Acid per one gummy.

20.     **Relevant time period:**  All of the misrepresentations at issue here were consistently made at all times during the last four years, at least.

21.     **Misrepresentations at issue:**  Defendant made uniform misrepresentations about the Product that Plaintiffs and all class members were exposed to.

22.     The words "2 gummies is equal to 1 shot of Apple Cider Vinegar" can be found at the bottom of the front label of the Product, as well as predominantly on Defendant's website.[2]



[1] *See* https://goli.com (Last visited April 22, 2020).
[2] *Id*. (Last visited April 22, 2020).

23.     The Product label states "Our Apple Cider Vinegar Gummies produce the same age-old benefits of traditional Apple Cider Vinegar without the unpleasant taste."  Also, Defendant's website echoes this claim with "All of the Age Old Benefits of Traditional ACV."





24.  **Why/How the statement at issue here has the tendency or capacity to deceive or confuse reasonable consumers:**  The misrepresentation identified above, when viewed in the context of the labeling as a whole and the product at issue, has the tendency or capacity to deceive or confuse reasonable consumers into believing that the two gummies of the Product contains the same amount of Acetic Acid as one shot of traditional ACV.

25.  The Apple Cider Vinegar Diet has been increasingly popular, which Defendant attempts to capitalize financially on, even though there is scarce scientific support for the claims. Further, the studies which do show some positive effects use dosages of ACV at much higher levels contained in the Product.

26.  The studies showed benefits of ACV using dosages of either half a shot of ACV or a full shot of ACV (15ml-30ml).  Consistently the full shot shows greater responses than the half shot, which is consistent with the well-accepted scientific principle that dietary supplementation is dose dependent.

27.  Defendant cites its supportive studies on their website, associated with each efficacy claim stated above.[3]

28.  All of these studies use 15ml or 30ml of ACV or 750mg-1500mg of acetic acid.

29.  Two of Defendant's Gummies equal 1000mg of ACV.  At the percentage of Acetic Acid content on the label of the Product, this equates to 50mg of Acetic Acid per two the Defendant's Gummies.

30.  A full shot of ACV is equal to roughly 30ml.  1000mg is equal to 1ml. So, a full shot of ACV has roughly **thirty times** the amount of Acetic Acid as the two ACV Gummies, or 1500mg.

31.  Further, Defendant intentionally misleads consumers by mischaracterizing their studies as containing lower amounts of ACV as being effective, but these studies actually gave participants isolated Acetic Acid.  For instance, Defendant says, participants took 750mg to 1500mg of ACV when they actually were given 750-1500mg of Acetic Acid.  This is far above the levels of Acetic Acid contained within two of the gummy Products.

---

[3] *See* https://goli.com/pages/science-and-studies-behind-goli (Last visited April 22, 2020).

32.     The Sherman Law explicitly incorporates by reference "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the FDCA," as the food labeling regulations of California Cal. Health & Saf. Code, § 110100, subd. (a).

33.     Defendant's claims are misleading to consumers in violation of 21 U.S.C. § 343, which states, "A food shall be deemed to be misbranded—False or misleading label [i]f its labeling is false or misleading in any particular."

34.     The introduction of misbranded food into interstate commerce is prohibited under the FDCA and all state parallel statutes cited in this Complaint.

35.     Plaintiffs and Class members would not have purchased the Product, or would have not paid as much for the Product, had they known the truth about the mislabeled and falsely advertised Products.

## CLASS ALLEGATIONS

36.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Goli branded dietary supplements during the class period (the "Class").  Excluded from the Class are Defendant, and Goli affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.  Plaintiffs reserve the right to seek narrower multi-state subclasses as appropriate.

37.     Plaintiff Borgia also seeks to represent a Subclass of all persons in California who purchased the Products during the class period (the "California Subclass").  Excluded from the California Subclass are Defendant, Goli affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

38.     Plaintiff Osmer also seeks to represent a Subclass of all persons in Florida who purchased the Products during the class period (the "Florida Subclass").  Excluded from the Florida Subclass are Defendant, Goli affiliates, employees, officers and directors, persons or entities that purchased the Products for resale, and the Judge(s) assigned to this case.

39.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the putative classes

that predominate over questions that may affect individual class members include, but are not limited to, the following:

    a.    whether Defendant misrepresented material facts concerning the Products on the label of every Product;

    b.    whether Defendant's conduct was unlawful; unfair; fraudulent and/or deceptive;

    c.    whether Defendant has been unjustly enriched as a result of the unlawful, fraudulent, and unfair conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon them by Plaintiffs and the classes;

    d.    whether Defendant breached express warranties to Plaintiffs and the classes; and

    e.    whether Plaintiffs and the classes have sustained damages with respect to the common-law claims asserted, and if so, the proper measure of their damages.

40.    Plaintiffs' claims are typical of those of other class members because Plaintiffs, like all members of the classes, purchased Defendant's Products bearing the representations and Plaintiffs sustained damages from Defendant's wrongful conduct.

41.    Plaintiffs will fairly and adequately protect the interests of the classes and have retained counsel that is experienced in litigating complex class actions.  Plaintiffs have no interests which conflict with those of the classes.

42.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

43.    The prerequisites to maintaining a class action for equitable relief are met as Defendant has acted or refused to act on grounds generally applicable to the classes, thereby making appropriate equitable relief with respect to the classes as a whole.

44.    The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another

might not.  Additionally, individual actions could be dispositive of the interests of the classes even where certain Class members are not parties to such actions.

**COUNT I**
**Violation Of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, *et seq.***

45.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

46.     Plaintiff Borgia brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

47.     This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ I750-I785 (the "CLRA").

48.     Plaintiff Borgia and the other members of the Class and California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Products for personal, family, or household purposes.

49.     Plaintiff Borgia and the other members of the Class and California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

50.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

51.     Defendant violated the CLRA by making the false representations identified herein above.

52.     As a result of engaging in such conduct, Defendant violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

53.     Under California Civil Code § 1780(a), Plaintiff and members of the Class and California Subclass seek injunctive and equitable relief for Defendant's violations of the CLRA. Plaintiff mailed a CLRA pre-suit notice letter to Defendant on April 30, 2020.  The letter was sent on behalf of Plaintiffs Borgia and Osmer and all other persons similarly situated.  The letter is

attached as **Exhibit A**.  If Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend the complaint to include a request for damages as permitted by Civil Code § 1782(d).

54.     Wherefore, Plaintiff Borgia, on behalf of himself and all other members of the Class and California Subclass, seeks injunctive and equitable relief for these violations of the CLRA.

**<u>COUNT II</u>**
**Violation Of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
**Unlawful Business Practices**

55.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

56.     Plaintiff Borgia brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

57.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, . . .  business practices and unfair, deceptive, untrue or misleading advertising…."

58.     Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the FAL, and the above referenced statutes in Paragraph 7, as alleged herein, as well as Cal. Health & Safety Code § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular").

59.     Plaintiff Borgia, the Class, and the California Subclass lost money or property as a result of Defendant's UCL violations because: (a) they would not have purchased the Products on the same terms if they knew that the representations regarding the Products were false or misleading; (b) they paid a substantial price premium due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

**COUNT III**
**Violation Of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
**Unfair Business Practices**

60.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

61.     Plaintiff Borgia brings this claim individually and on behalf of members of the proposed Class and the California Subclass against Defendant.

62.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unfair . . . business practices and unfair, deceptive, untrue or misleading advertising …."

63.     Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.   Plaintiff Borgia, the Class, and the California Subclass lost money or property as a result of Defendant's UCL violations because: (a) they would not have purchased the Products on the same terms if they knew that the representations regarding the Products were false or misleading; (b) they paid a substantial price premium due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

**COUNT IV**
**Violation Of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code §§ 17200, *et seq.***
**Fraudulent Business Practices**

64.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint.

65.     Plaintiff Borgia brings this claim individually and on behalf of members of the proposed Class and the California Subclass against Defendant.

66.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and

include . . . fraudulent.  business practices and unfair, deceptive, untrue or misleading

advertising…."

67.     Defendant violated the "unlawful" prong of the UCL by violating the CLRA and the

FAL, the above referenced statutes in Paragraph 7, as alleged herein, as well as Cal. Health &

Safety Code § 110660 ("Any food is misbranded if its labeling is false or misleading in any

particular").

68.     Defendant violated the "fraudulent" prong of the UCL by making the

misrepresentations alleged above that the Products.

69.     Plaintiff Borgia, the Class,  and the California Subclass lost money or property as a

result of Defendant's UCL violations because: (a) they would not have purchased the Products on

the same terms if they knew that the representations regarding the Products were false or

misleading; (b) they paid a substantial price premium due to Defendant's misrepresentations; and

(c) the Products do not have the characteristics, uses, or benefits as promised.

**COUNT V**
**Violation Of California's False Advertising Law ("FAL"),**
**California Business & Professions Code §§ 17500,** *et seq.*

70.     Plaintiff hereby incorporates by reference the allegations contained in all preceding

paragraphs of this Complaint.

71.     Plaintiff Borgia brings this claim individually and on behalf of the members of the

proposed Class and California Subclass against Defendant.

72.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*,

makes it "unlawful for any person to make or disseminate or cause to be made or disseminated

before the public in this state, ... in any advertising device ... or in any other manner or means

whatever, including over the Internet, any statement, concerning ... personal property or services,

professional or otherwise, or performance or disposition thereof, which is untrue or misleading

and which is known, or which by the exercise of reasonable care should be known, to be untrue or

misleading."

73.     Defendant committed acts of false advertising, as defined by §§ 17500, *et seq.*, by

making the misrepresentations alleged above regarding the Products.

74. Defendant knew or should have known through the exercise of reasonable care that their representations about the Products were untrue and misleading.

75. Defendant's actions in violation of §§ 17500, *et seq*. were false and misleading such that the general public is and was likely to be deceived. Plaintiff Borgia, the Class, and the California Subclass lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the Products on the same terms if they knew the truth regarding the Products; (b) they paid a substantial price premium due to Defendant's misrepresentations; and (c) the Products do not have the characteristics, uses, or benefits as promised.

## COUNT VI
### Violation Of The Florida Deceptive And Unfair Trade Practices Act, § 501.201, *et seq*., Florida Statutes

76. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

77. Plaintiff Osmer asserts this cause of action on behalf of herself and the Florida Subclass.

78. Plaintiff Osmer and Subclass Members are "consumers" as defined by Florida Statute §501.203(7), and the subject transactions are "trade or commerce" as defined by Florida Statute §501.203(8).

79. Defendant advertised, promoted, marketed, manufactured, distributed and sold the Products, which contain false and/or misleading marketing claims.

80. The Products are "goods" within the meaning of FDUTPA.

81. The FDUPTA was enacted to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

82. For the reasons discussed herein, Defendant violated and continues to violate FDUPTA by engaging in the herein described unconscionable, deceptive, unfair acts or practices proscribed by Florida Statute §501.201, *et seq*.

83. Defendant's actions of misrepresenting and omitting material facts regarding the Product constitute unconscionable, deceptive, or unfair acts or practices, and are immoral,

unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers, in violation of FDUTPA.  Defendant knew or should have known that the Product label contained false and/or misleading claims, and Defendant failed to disclose this information to consumers.

84.     Defendant's actions of advertising, promoting, manufacturing, marketing, distributing and selling the Product constitute unconscionable, deceptive, or unfair acts or practices, and are immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers, in violation of FDUTPA.

85.     In addition, the practice employed by Defendant, whereby Defendant advertised, promoted, manufactured, marketed, distributed and sold the Products containing the unlawful false and/or misleading claims constitutes a *per se* violation of FDUTPA under Section 501.203(3)(c) because it is in violation of the Florida Food Safety Act, Fla. Stat. § 500.04 (1) and (2), in that said Product is misbranded.

86.     Plaintiff Osmer and Florida Subclass Members suffered damages when they purchased the Product.  Defendant's unconscionable, deceptive and/or unfair practice caused actual damages to Plaintiff and putative Subclass Members who were unaware of the false and/or misleading claims on the Product labels when they purchased the Products.

87.     Defendant's affirmative misrepresentations, omissions and practices described herein were likely to, and did in fact, deceive and mislead members of the public, including consumers acting reasonably under the circumstances, to their detriment.

88.     Consumers, including Plaintiff Osmer and Florida Subclass Members, would not have purchased the Product had they known that the claims were false and/or misleading.

89.     Consumers, including Plaintiff Osmer and Subclass Members, could not have purchased the Products had Defendant disclosed to them and the consuming public that the Product marketing contained false and/or misleading claims.

90.     As a direct and proximate result of the unconscionable, unfair, and deceptive acts or practices alleged herein, Plaintiffs Osmer and Subclass Members have been damaged and are entitled to recover actual damages to the extent permitted by law, including class action rules, in an amount to be proven at trial.

91.     In addition, Plaintiff Osmer and the Florida Subclass seek equitable relief, injunctive relief against Defendant on terms that the Court considers reasonable, and reasonable attorneys' fees.

92.     Plaintiffs and the Subclass reserve the right to allege other violations of FDUPTA as Defendant's conduct is ongoing

<u>COUNT VII</u>
**Breach of Express Warranty**

93.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

94.     Plaintiffs bring this claim individually and on behalf of the proposed Class, California Subclass, and Florida Subclass against Defendant.

95.     Defendant, as the manufacturer, marketer, distributor, and/or seller, expressly warranted that the Products has the same benefits as a full shot of Apple Cider Vinegar, and that the Products had sufficient amounts of ACV to provide benefits.

96.     Defendant's express warranties, and its affirmations of fact and promises made to Plaintiffs and Class members regarding the Products became part of the basis of the bargain between Defendant and Plaintiffs and the Classes, thereby creating an express warranty that the Products would conform to those affirmations of fact, representations, promises, and descriptions.

97.     The Products do not conform to the express warranty because the representations are false or misleading.

98.     As a direct and proximate cause of Defendant's breach of express warranty, Plaintiffs, Class members, and Subclass members have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew the truth about the Products; (b) they paid a substantial price premium based on Defendant's express warranties; and (c) the Products do not have the characteristics, uses, or benefits as promised.

99.     On April 30, 2020, Plaintiffs mailed a pre-suit notice letter to Defendant Goli consistent with Cal. Com. Code § 2607(3)(a) and U.C.C. 2-607(3)(A).  The letter was sent on behalf of himself and all other persons similarly situated, including "all persons nationwide who

1  purchased the Products."  The letter specifically stated that it served as notice "concerning the
2  breaches of express and implied warranties described herein."  The letter identified the Products at
3  issue here.  A copy of the letter is attached as **Exhibit A**.

4                                      **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiffs demand judgment on behalf of themselves and members of the
6  Class, California Subclass, and Florida Subclass as follows:

7          A.     For an order certifying the nationwide Class, California Subclass, and Florida
8                 Subclass under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiffs
9                 as Class and Subclass representatives; and naming Plaintiffs' attorneys as Class
10                Counsel representing the Class and Subclasses members;

11         B.     For an order finding in favor of Plaintiffs, the nationwide Class, the California
12                Subclass, and Florida Subclass on all counts asserted herein;

13         C.     For an order awarding statutory, compensatory, treble, and punitive damages in
14                amounts to be determined by the Court and/or jury;

15         D.     For injunctive relief enjoining the illegal acts detailed herein;

16         E.     For prejudgment interest on all amounts awarded;

17         F.     For an order of restitution and all other forms of equitable monetary relief; and

18         G.     For an order awarding Plaintiffs their reasonable attorneys' fees and expenses and
19                costs of suit.

20                                    **JURY TRIAL DEMANDED**

21         Plaintiffs demand a trial by jury on all claims so triable.

22  Dated:  May 14, 2020                **BURSOR & FISHER, P.A**.

23                                      By:  ___/s/ Frederick J. Klorczyk III_____
24                                              Frederick J. Klorczyk III

25                                      Frederick J. Klorczyk III (State Bar No. 320783)
                                        1990 North California Blvd., Suite 940
26                                      Walnut Creek, CA 94596
                                        Telephone: (925) 300-4455
27                                      Facsimile:  (925) 407-2700
                                        E-mail: fklorczyk@bursor.com
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: pfraietta@bursor.com

**BARBAT, MANSOUR, SUCIU & TOMINA PLLC**
Nick Suciu (*Pro Hac Vice Forthcoming*)
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 48301
Telephone: (313) 303-3472
E-Mail: nicksuciu@bmslawyers.com

*Attorneys for Plaintiffs*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Frederick J. Klorczyk III, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am a Partner at Bursor & Fisher, P.A., counsel of record for Plaintiffs in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Eastern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 14th day of May, 2020.


                                                    _/s/ Frederick J. Klorczyk III_____
                                                    Frederick J. Klorczyk III

**EXHIBIT A**

# BURSOR & FISHER

P.A.

1990 N. CALIFORNIA BLVD., SUITE 940
WALNUT CREEK, CA 94596
www.bursor.com

FREDERICK J. KLORCZYK III
Tel: 925.300.4455
Fax: 925.407.2700
fklorczyk@bursor.com

April 30, 2020

*Via Certified Mail – Return Receipt Requested*

Goli Nutrition, Inc.
8430-240 Santa Monica Blvd.
West Hollywood, CA 90069

Goli Nutrition, Inc.
c/o Agents and Corporations, Inc.
1201 Orange Street Suite 600
One Commerce Center
Wilmington, DE 19801

Re:     *Notice And Demand Letter Pursuant To California Civil Code §§ 1750, et seq.; N.Y.
General Business Laws §§ 349 & 350; Florida Stat. §§ 501.201, et seq.; U.C.C. § 2-607;
and all other relevant state and local laws*

To Whom It May Concern:

This letter serves as a preliminary notice and demand for corrective action by Defendant Goli Nutrition, Inc. ("Defendant," "Goli," or "You") arising from breaches of express and implied warranties described herein pursuant to U.C.C. § 2-607(3)(a), on behalf of our clients Jeremy Borgia, Bari Hyman, and Juliet Osmer. This letter also serves as notice of violations of all applicable consumer protection laws, including, but not limited to, California's Consumers Legal Remedies Act, Civil Code § 1770, New York's General Business Law §§ 349 & 350, and Florida's Unfair and Deceptive Trade Practices Act, Florida Stat. §§ 501.201, *et seq.*

You have participated in the manufacture, marketing, and sale of Goli Apple Cider Vinegar Gummies (the "Product" or "Goli ACV Gummies"). The Product has been marketed and sold to provide a variey of benefits including "Supports Healthy Digestion," "Helps Manage Weight," and Boosts Immunity." These claims are based on the representation that "2 gummies is equal to 1 shot of Apple Cider Vinegar" (the "Misrepresentation"). However, 2 gummies do not equal 1 shot of Apple Cider Vinegar ("ACV"). Not even close. Two gummies equal 1,000mg of ACV. At the percentage of Acetic Acid content on the Product's label, this equates to 50mg of Acetic Acid total per two gummies. In contrast, a full shot of ACV is equal to approximately 30ml (1,500mg Acetic Acid). Since 1,000mg is equal to 1ml, a single shot of ACV contains 1,500mg Acectic Acid, or roughly thirty times the amount provided by two of

Your ACV gummies.  Studies that have shown benefits of ACV – including those cited on Your website – show benefits at 750mg-1,500mg dosages, not at 50mg dosage.[1]

Mr. Borgia, Ms. Hyman, and Ms. Osmer purchased and used Goli's ACV Gummies in reliance on the Misrepresentation.  Defendant expressly warranted that two of Goli's ACV Gummies equaled one shot of ACV. Defendant breached that express warranty because 2 gummies do <u>not</u> equal to 1 shot of ACV.  *See* U.C.C. § 2-313.

Defendant's conduct is also a deceptive business practice under all applicable consumer protection laws, including, but not limited to, California's Consumers Legal Remedies Act, Civil Code § 1770, New York's General Business Law §§ 349 & 350, and Florida's Unfair and Deceptive Trade Practices Act, Florida Stat. §§ 501.201, *et seq*.  Mr. Borgia purchased the Product in California.  Ms. Hyman purchased the Product in New York.  And Ms. Osmer purchased the Product in Florida.

Mr. Borgia, Ms. Hyman, and Ms. Osmer are acting on behalf of a class defined as all persons in the United States who purchased Goli's ACV Gummies.  Mr. Borgia is also acting on behalf of a subclass of all persons in California who purchased Goli's ACV Gummies.  Ms. Hyman is also acting on behalf of a subclass of all persons in New York who purchased Goli's ACV Gummies.  And Ms. Osmer is ACV Apple Cider Vinegar Gummies.

To cure these defects, we demand that you (1) cease and desist from further sales of mislabeled Goli ACV Gummies; (2) issue an immediate recall of mislabeled Goli ACV Gummies; and (3) make full restitution to all purchasers of Goli ACV Gummies.

We further demand that you preserve all documents and other evidence which refer or relate to any of the above-described practices including, but not limited to, the following:

1.  All documents concerning the design, development, supply, production, extraction, and/or testing of Goli ACV Gummies;

2.  All documents concerning the advertisement, marketing, or sale of Goli ACV Gummies;

3.  All documents concerning communications with any retailer involved in the marketing or sale of Goli ACV Gummies;

4.  All documents concerning communications with purchasers of Goli ACV Gummies;

5.  All documents concerning communications with federal or state regulators; and

6.  All documents concerning the total revenue derived from sales of Goli ACV Gummies in the United States on a state by state basis, including for California, New York, and Florida.

---

[1] *See* https://goli.com/pages/science-and-studies-behind-goli (last visited April 29, 2020).

**BURSOR & FISHER**
P.A.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents promptly.

We are willing to negotiate to attempt to resolve the demands asserted in this letter.  If you wish to enter into such discussions, please contact me right away.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Sincerely,

Frederick J. Klorczyk III